# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

**In Re**

RYAN ALLEN SAUNDERS and
HAYLEE AUNE SAUNDERS,

        **Debtors.**

**Case No. 07-40115-JDP**
**Chapter 7**

_____

R. SAM HOPKINS, TRUSTEE,

        **Plaintiff,**

**vs.**

MARSHA L. BRASSEAUX,

        **Defendant.**

**Adversary Proceeding
No. 07-8081**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Jim Spinner, Pocatello, Idaho, Attorney for Plaintiff.

Aaron J. Tolson, WRIGHT WRIGHT & JOHNSON, Idaho Falls,
Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION - 1

*Introduction*

On February 26, 2007, Debtors Ryan and Haylee Saunders filed for

relief under chapter 7[1] of the Bankruptcy Code.  In connection with that

bankruptcy case, Plaintiff R. Sam Hopkins, the chapter 7 trustee,

commenced this adversary proceeding on August 6, 2007, to recover a

certain 2002 Toyota Tacoma from Defendant, Marsha Brasseaux, which he

alleged was property of the estate.  Docket No. 1.  Defendant disputes

Plaintiff's interest in and right to recover the pickup.  Docket No. 4.

On December 31, 2007, the parties advised the Court that the

material facts were not in dispute and offered to submit the case on

stipulated facts and written arguments.  Docket No. 8.  The Court vacated

the trial and ordered the parties to submit written briefs and a stipulation

containing all facts and evidence upon which they intend the Court to rely

in the disposition of the issues.  Docket No. 9.  The parties have submitted

the stipulated facts and evidence, Docket No. 10, and briefs, Docket Nos.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION - 2

11-13.  The Court, having now considered the record, the parties'

arguments, and the applicable law, disposes of the issues below.[2]

### *Facts*

On February 18, 2005, Defendant purchased a 2002 Toyota Tacoma

SR5 pickup from a Pocatello dealer.  Defendant signed a purchase

agreement, and paid the dealer $15,270.14[3] with her personal check.

Following the purchase, an application for certificate of title was

submitted to the State, which listed Defendant "or" Haylee Saunders as

the owners of the vehicle.  Defendant explains that she added her

daughter, Haylee Saunders, to the Tacoma's certificate of title because she

had seen a television program that advised viewers to add their children

to their vehicle titles so that the children could easily dispose of the

vehicles and avoid probate when the parent-owner died.

---

[2]  This Memorandum constitutes the Court's findings of fact and
conclusions of law.  Rule 7052.

[3]  The purchase price for the pickup was $12,500.  The amount Defendant
paid reflects this price plus applicable sales tax, dealer documentation and title
fees, and a service agreement.  Docket 10, Ex. A.

MEMORANDUM OF DECISION - 3

As noted above, on February 26, 2007, Ryan and Haylee Saunders

filed a chapter 7 petition.  At the time they did so, Debtors were unaware

that Haylee Saunders was listed as an owner on the Tacoma's title

certificate.  They did not inform Defendant about their bankruptcy filing.

Plaintiff was appointed to serve as trustee in the bankruptcy case.  In

April, 2007, Plaintiff searched the Idaho motor vehicle title and registration

records and discovered that Haylee Saunders was listed as an owner of the

Tacoma.  Upon inquiry, Plaintiff was informed by Debtors that Defendant

had possession of the pickup.

The Tacoma is currently insured by and registered in the name of

Defendant, and the vehicle is in her possession.  There are no liens on the

pickup.  Plaintiff seeks to recover the pickup and sell it for the benefit of

the creditors in Debtors' bankruptcy case.  Defendant disputes Plaintiff's

right to do so.

*Discussion*

I.

While disputes between bankruptcy trustees and others over title to

MEMORANDUM OF DECISION - 4

vehicles are common, this may be the first instance in this district where a trustee has challenged another's attempt to utilize the Idaho Motor Vehicle Title statutes for estate planning purposes.  Here, Defendant chose to accomplish her goal of assisting her children avoid the costs and hassle of probate by listing her daughter as an owner on the Tacoma's certificate of title.  Because Defendant's daughter invoked the protection of the bankruptcy laws, the Court must determine the legal consequences of Defendant's choice.

Plaintiff contends that Defendant's tactic necessarily leads to her loss of the vehicle.  He argues that because Haylee Saunders was listed as an owner on the Tacoma's certificate of title, both on the date the petition was filed and still today, the pickup constitutes property of the bankruptcy estate pursuant to § 541(a)(1).  Thus, Plaintiff maintains, the pickup should be surrendered to him to be administered as an asset of the estate.

In the alternative, Plaintiff argues that by flexing his strong arm powers under § 544(a)(1), his interest in the Tacoma is superior to that of Defendant.

MEMORANDUM OF DECISION - 5

Defendant disagrees on both scores. She contends that it would be "absurd" to allow Plaintiff "to take a truck with the absolute barest relation to the Debtors . . . to satisfy creditors with no relation to the Defendant whatsoever." Docket No. 12.

## II.

It is undisputed that Defendant paid the full purchase price for the pickup, and that she alone has had possession and use of the vehicle. The truck is registered in her name, and she bears the cost of insuring and maintaining it. Indeed, Haylee Saunders was not even aware that her name appeared on the title certificate. Given these facts, it is doubtful that an Idaho court, sitting in equity, would allow Haylee Saunders to assert a superior, or even an equal interest, in the Tacoma in any contest with Defendant.

However, if an innocent third-party were to assert an interest in the vehicle claiming through Haylee Saunders, based upon its reliance upon the title as shown by the certificate, the outcome may change. Although solely by inadvertence, when Debtors filed their bankruptcy petition, they

MEMORANDUM OF DECISION - 6

opened the door to the bankruptcy trustee to assert such a third-party

interest.

The Bankruptcy Code grants a trustee an impressive array of powers

to assemble and liquidate assets for the benefit of a debtor's creditors.

Particularly relevant in this instance is the "strong arm clause," found in

§ 544(a), which provides:

> (a)  The trustee shall have, as of the
> commencement of the case, and without regard
> to any knowledge of the trustee or of any
> creditor, the rights and powers of, *or* may avoid
> any transfer of property of the debtor or any
> obligation incurred by the debtor that is voidable
> by –
>
>> (1) a creditor that extends credit to
>> the debtor at the time of the
>> commencement of the case, and that
>> obtains, at such time and with
>> respect to such credit, a judicial lien
>> on all property on which a creditor
>> on a simple contract could have
>> obtained such a judicial lien, whether
>> or not such a creditor exists[.]

11 U.S.C. § 544(a)(1) (emphasis added).

Although the legislative history of this provision suggests its basic

MEMORANDUM OF DECISION - 7

purpose was to avoid the "evil" of secret liens and prebankruptcy transfers

of the debtor's property, "that basic purpose is not its sole purpose." *Duck*

*v. Wells Fargo Bank (In re Spectra Prism Industries, Inc.)*, 28 B.R. 397, 399 (9th

Cir. BAP 1983), citing 45 Cong. Rec. 2277 (1910).  In addition to allowing a

trustee to avoid *transfers* of the debtor's property, § 544(a)(1) also grants a

trustee "all other rights and powers that a creditor holding a judicial lien

would have after prevailing in a simple contract action, whether or not

such creditor exists in fact."  *Id.* at 399.  Thus, if under the applicable state

law, a judicial lien creditor would prevail over an adverse claimant, the

trustee will prevail; if the judicial lien creditor would not prevail, the

trustee's claim fails as well.  *Nat. Peregrine, Inc. v. Capitol Fed. Savs. and Loan*

*Assoc. of Denver (In re Peregrine Entm't, Ltd.)*, 116 B.R. 194, 204-05 (Bankr.

C.D. Cal. 1990).

A debtor's ownership rights in property are defined by state law.

*Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen)*, 300 F.3d 1097, 1104 (9th

Cir. 2002); *Foothill Capital Corp. v. Clare's Food Market, Inc. (In re Coupon*

*Clearing Serv., Inc.)*, 113 F.3d 1091, 1099 (9th Cir. 1997).  In Idaho, it is the

MEMORANDUM OF DECISION - 8

issuance of a new certificate of title, not delivery of the old certificate to a

transferee, that grants an enforceable interest in a vehicle:  "no person . . .

shall acquire any right, title, claim or interest in or to [a] vehicle until he

has issued to him a certificate of title to that vehicle . . . ."  Idaho Code § 49-

503.  "Historically, Idaho courts have strictly interpreted this language to

promote the underlying policy of the statute that vehicle ownership be

determined exclusively by reference to the name on the title certificate."

*Hopkins v. Shradley (In re Shradley)*, 03.1 I.B.C.R. 7, 9 (Bankr. D. Idaho 2003);

*See also, In re Friel*, 90 I.B.C.R. 212, 214 (Bankr. D. Idaho 1990) (citing *Simplot*

*v. Owens*, 805 P.2d 477, 480-81 (Idaho Ct. App. 1990)); *In re Deines*, 87

I.B.C.R. 229, 230 (Bankr. D. Idaho 1987).

The policy promoted by the Idaho motor vehicle title system, as

implemented by the case law, protects those who rely upon the certificate

of title to determine ownership or other rights in a vehicle.  Consistent with

this policy, on bankruptcy day, Haylee Saunders' judgment lien creditor

would be justified in assuming that she held an ownership interest in the

Tacoma by virtue of her name being listed on the certificate of title.

MEMORANDUM OF DECISION - 9

Though Haylee Saunders' interest may be inferior to Defendant's interest

in a contest between them, it is nonetheless sufficient for Haylee Saunders'

judgment creditors to attach.  Thus, Plaintiff, in his status as a hypothetical

judicial lien creditor, can likewise assert an interest in the Tacoma.  Because

there are no competing liens or encumbrances on the pickup, he may

repossess the truck and sell it.

Although the result in this instance appears harsh, a closer look

reveals that it is consistent with legislative policy.  This is not the first

instance in which the "purported equities of a case must bow to the policy

of the Legislature."  *Hopkins v. Cummins (In re Mason)*, 06.2 I.B.C.R. 17, 20

(Bankr. D. Idaho 2006).  In *Mason*, the court explained that by adopting a

comprehensive system of registering ownership interests in titled vehicles,

the Idaho legislature has statutorily defined the equities.  *Id.*  That system

provides protection to anyone interested in owning vehicles in Idaho.  *Id.*

The system also serves to give constructive notice to interested persons of

all ownership interests in the titled vehicle.  Owners and creditors alike are

entitled to rely upon the veracity of the state's motor vehicle records.  As

MEMORANDUM OF DECISION - 10

this court has previously stated, it would be inappropriate to make

"judicial exceptions to the operation of this thoughtful scheme." *Id.*

Moreover, it must be remembered that Defendant finds herself in

this unfortunate predicament because of her own conduct.  Although

Defendant merely wanted to assist her daughter "avoid" Idaho's probate

laws, by listing Haylee Saunders on the Tacoma's certificate of title, she

represented to the public that Haylee Saunders owned an interest in the

pickup; she must suffer the consequences of that decision.  In other words,

as between Defendant and Haylee Saunders' creditors, Defendant's

"equities" come up short.

### *Conclusion*

When Defendant elected to attempt an end-run on normal probate

rules by listing her daughter as an owner of the Tacoma, she took a chance.

She lost the gamble when, in the perfect storm resulting from Debtors'

bankruptcy filing, her interest in the pickup became susceptible to

Plaintiff's strong arm powers.  In his status as a hypothetical judgment lien

creditor, Plaintiff is entitled to possession and the right to sell the pickup

MEMORANDUM OF DECISION - 11

as part of Debtors' bankruptcy estate.[4]

Counsel for Plaintiff shall submit an appropriate form of judgment

for entry by the Court.  Counsel for Defendant shall approve the form of

judgment.

Dated: February 25, 2008

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] Defendant may be entitled to file a proof of claim in the bankruptcy case, and to participate in distributions to creditors.  *See* § 502(h); Rule 3002(c)(3).

MEMORANDUM OF DECISION - 12